**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KE WEN LIN, AKA Ka Wan Ni, | No. 10-73264 |
| Petitioner, | Agency No. A094-788-812 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2014[**]
Pasadena, California

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Ke Wen Lin, aka Ka Wan Ni, a native and citizen of China, appeals the

decision of the Board of Immigration Appeals ("BIA") denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's finding that Lin did not suffer past persecution on the basis of his political opinion. Lin's wife's forced sterilization serves as some proof that Lin suffered persecution on account of China's coercive population control policy. *See Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010). However, the fact that Lin (1) was upset with family planning officials for his wife's forced sterilization; (2) paid a 30,000 RMB fine; and (3) became angry and attempted to stop family planning officials from confiscating his property, without more, is not enough to compel a finding of past persecution based on resistance to the population control policy. *See Matter of M–F–W– & L–G–*, 24 I. & N. Dec. 633, 637-38 (BIA 2008). Lin did not suffer from any mistreatment by the government. Further, the record is devoid of evidence, beyond having a second child, that Lin resisted or made any statements against China's family planning policies. To the contrary, Lin paid off most of the 30,000 RMB fine. Lin lived and worked in China without incident for almost four years after his wife's sterilization. It was not until family planning officials came to take his property that he made any objection. However, even then, he did not object to China's family planning policies. Therefore, at best, Lin has established "simple grudging

2

compliance" with China's policy, which does not amount to the resistance required for past persecution. *Id*. at 638.

Substantial evidence also supports the BIA's conclusion that Lin failed to establish a well-founded fear of future persecution. Although Chinese authorities have asked about Lin's whereabouts, Lin's wife and children continue to live in China. Any fear of future persecution is based on Lin's opposition to family planning officials taking his property rather than any resistence to China's family planning policies. Accordingly, substantial evidence supports the conclusion that Lin's fear of future persecution based on a protected ground is not objectively reasonable.

Because Lin failed to satisfy the lower standard of proof for asylum, it necessarily follows that he also failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the BIA's denial of CAT relief, because Lin failed to establish it is more likely than not he will be tortured if he returns to China. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008). While there is a possibility that Lin could be arrested for the alleged assault

3

against the family planning committee member, such an arrest does not rise to the level of torture. *Cf. Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**